

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

February 13, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

    Re:    *United States v. Chu & Goodgame*,
               Case No. 25 Cr. 579 (PKC)

Dear Judge Castel:

      We write in response to the government's February 9, 2026 opposition to Mr. Chu's motion regarding the warrantless seizure of his and his family's bank account. [ECF Nos. 24, 25]. The government contends that Mr. Chu's emergency motion—which sought an order compelling the government to produce any seizure warrant pursuant to which the account was frozen, or to unfreeze the account—is moot because the government has now produced a seizure warrant.

      As a technical matter, of course, it is correct that our request for a copy of the seizure warrant is mooted by the government's production of a seizure warrant. But that hardly addresses the real issues, including that the government only even started the process of obtaining a seizure warrant in response to Mr. Chu's motion.

      And while the government obtained and produced a seizure warrant for the account on February 9, 2026, in response to our motion, there is no indication that a copy of that motion was provided to the United States Magistrate Judge who reviewed the application. To the contrary, the affidavit contained only a brief footnote indicating that Mr. Chu objected to the initial freezing of the account as a violation of his constitutional rights. The footnote did not describe the basis for Mr. Chu's constitutional objections, nor did it (i) include the important factual information in the letter regarding the particular account or (ii) describe the intervening events in the parallel bankruptcy proceeding that precipitated the government's freezing of the account. Further, the warrant affidavit disclosed that the government had frozen Mr. Chu's accounts by letter on January 30, 2026—a full week before it sought a warrant—but disclosed no factual basis for its warrantless seizure, let alone any true exigency. In fact, the warrant affidavit describes only a single transaction involving the seized account in the entire month before the warrant issued, a January 12 transfer *into* the seized account (and so, not a transfer that reflected asset flight or exigency) from another account held by Mr. Chu that is now closed.

      These omissions are problematic, not the least because, as set forth in Mr. Chu's emergency motion, the government's efforts to freeze and then seize the account appear motivated not by any actual exigency or other valid exception to the Fourth Amendment's warrant requirement—it waited eight weeks after indicting the case to conduct a warrantless seizure of the account—but



by its tactical interests, including potentially mooting the need for an upcoming hearing in the *Tricolor Holdings* bankruptcy at which the government's witnesses may be required to testify.

  Based on a preliminary review of the warrant application, and in light of the omissions described above and other infirmities, it is apparent that the warrant does not moot the substantive issues set forth in Mr. Chu's motion. Instead, the application for that warrant may have further encroached upon Mr. Chu's Fourth and Fifth Amendment rights. *See generally United States v. Thomas*, 788 F.3d 345 (2d Cir. 2015). Likewise, the resulting seizure of the account continues to burden his Sixth Amendment right to counsel of choice. *Luis v. United States*, 578 U.S. 5 (2016); *Kaley v. United States*, 571 U.S. 320 (2014).

  In short, the government's production of a seizure warrant only mooted the most immediate and technical of issues. But Mr. Chu fully anticipates that the government's actions will be the subject of motion practice, and reserves the right to seek to expedite that motion practice if necessary to mitigate ongoing violations of his rights.

  Thank you for your consideration.

                Respectfully,

                /s/ Matthew L. Schwartz
                Matthew L. Schwartz