

January 8, 2026

**<u>VIA ELECTRONIC MAIL</u>**

Charles R. Gibbs (crgibbs@mwe.com)
Marcus A. Helt (mhelt@mwe.com)
Grayson Williams (gwilliams@mwe.com)
Michael Wombacher (mwombacher@mwe.com)
Timothy C. Cramton (tcramton@mwe.com)
Julia M. Beskin (julia.beskin@srz.com)

Dear Counsel:

We represent Daniel Chu, and write concerning your recent filings in the Tricolor bankruptcy, which attached and cited Mr. Chu's attorney-client privileged communications. Dkt. No. 521 ¶ 19; Dkt. No. 522-7; Dkt. No. 568 ¶ 135; Dkt. No. 568-31. Because these communications are privileged—regardless of the fact that they may be in the Trustee's possession—their inclusion in the filings was improper. Accordingly, we request that you withdraw the filings that rely on these privileged communications, identify any other communications in your possession that are between Mr. Chu and his personal lawyers, and not review, rely on, or retain any such communications going forward. We also request that you withdraw any other filings that have been made which include these privileged materials.

The September 15, 2025 and September 16, 2025 emails between Mr. Chu and his personal lawyers described and attached to your pleadings are clearly attorney-client privileged communications. As is apparent from their face, the September 15-16 emails reflect confidential communications containing personal legal advice to Mr. Chu from a lawyer at the Sharpe Law Group, copying other personal lawyers to Mr. Chu.

The fact that these e-mail were sent to Mr. Chu's Tricolor email account does not strip them of their privilege. To remain privileged, attorney-client communications must be made with a "'reasonable expectation of confidentiality' in the communications. When analyzing whether an employee has a reasonable expectation of confidentiality in personal e-mail communications transmitted or stored on a company computer, courts have analogized to an employee's Fourth Amendment right to privacy in the contents of his office computer," and have specifically looked to four factors articulated by the United States Bankruptcy Court for the Southern District of New York in *In re Asia Global Crossing, Ltd*. *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-CV-1154-O, 2012 WL 12925016, at *2-3 (N.D. Tex. May 15, 2012); *see also In re Reserve Fund Sec. & Derivative Litig.*, 275 F.R.D. 154, 159 n.9 (S.D.N.Y. 2011) (describing *Asia Global* as "widely adopted"). Those factors are: (1) whether the employer maintains a policy that bans personal use; (2) whether the employer monitors use of the computer or email; (3) whether

**BSF**

third parties have a right of access to the computers or emails; and (4) whether the employee was aware or had notice of these policies. *See* 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005).

Page | 2

There can be no dispute that Mr. Chu had a reasonable expectation of privacy in the emails and no waiver of privilege occurred. The policy in the Tricolor Employee Handbook does not ban personal use of the communication and computer systems, including email, and instead expressly allows "limited personal usage" in certain circumstances. Tricolor Employee Handbook, Ex. A at 36. Tricolor's policy further states that it *may* access emails when Tricolor "deems it appropriate." *Id.* (emphasis added). Moreover, the policy does not specify that it owns the emails sent over its system. *Id.* Further, as Tricolor's CEO, Mr. Chu was in a privileged position to know that Tricolor did not actually monitor employee emails.  And in this case—at least in the one email exhibited to your pleadings—Mr. Chu replied by expressly asking the lawyers to communicate with him on his personal email account, demonstrating that he had no intention of waiving privilege.  The *Asia Global* factors overwhelmingly support Mr. Chu's reasonable expectation of privacy in the emails. *See Jordan v. Temple University Health System, Inc.*, No. 16-5561, 2017 WL 11551387, at *1-2 (E.D. Pa. Aug. 10, 2017) (applying *Asia Global* factors, holding that employee who exchanged emails with her attorney via her work email account had a reasonable expectation of privacy in emails, which were privileged, where employer's policy did not ban personal or confidential email usage and only stated that "devices *could* be confiscated and searched" under certain circumstances (emphasis in original)).

Accordingly, please confirm that you will (1) withdraw or amend the filings that rely on these privileged communications, and ensure that the publicly-filed copies are removed from the docket; (2) identify communications in your possession that are between Mr. Chu and his personal lawyers, including any lawyers using the @sharpelaw.com, @mckoolsmith.com, or @bsfllp.com domains; and (3) cease further review of those communications, return all copies, and agree not to rely on such communications in the future.  *See, e.g., Curto v. Med. World Commc'ns, Inc.*, No. 03CV6327 DRH MLO, 2006 WL 1318387, at *3 (E.D.N.Y. May 15, 2006) (affirming order finding that emails were privileged—even though employer had written policy of prohibiting personal use and monitoring employee emails, and expressly cautioned employees that they waived any privacy interests in email communications—and "direct[ing] [the defendants] to return all such material"); *Forward v. Foschi*, 27 Misc. 3d 1224(A), 22, 911 N.Y.S.2d 692 (Sup. Ct. 2010) (suppressing attorney-client privileged communications sent over defendant's business email account, requiring them to be returned to plaintiff, and barring defendant from using them "directly or indirectly" in the litigation).

We also request that you immediately 1) provide a copy of this letter to any other party, person or agency that has received these privileged materials, and 2) notify us of the identities of any such recipients and confirm that they have been provided a copy of this letter.



If we do not promptly receive your written confirmation, we intend to seek appropriate relief.

Sincerely,

BOIES SCHILLER FLEXNER LLP

*Dore Louis*

Page | 3

Marshall Dore Louis


cc:    Justin V. Rodriguez (justin.rodriguez@usdoj.gov)
       Micah Fergenson (micah.fergenson@usdoj.gov)
       Howard Srebnick (hsrebnick@royblack.com)
       Matt Schwartz (mlschwartz@bsfllp.com)
       Jacqueline Kelly (jkelly@bsfllp.com)
       Matthew Okin (mokin@okinadams.com)
       Edward A. Clarkson, III (elcarkson@okinadams.com)