**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

DANIEL CHU and DAVID GOODGAME,

Defendants.

Case No. 25 Cr. 579 (PKC)

**DECLARATION OF MATTHEW L. SCHWARTZ IN SUPPORT OF**
**DANIEL CHU'S INITIAL PRETRIAL MOTIONS**

1.      I am a member of the bar of this Court and a partner at Boies Schiller Flexner LLP, counsel for defendant Daniel Chu.  I respectfully submit this declaration in support of Mr. Chu's Initial Pretrial Motions (i) to dismiss Count One of the Indictment or, alternatively, for a bill of particulars as to Count One, (ii) for a bill of particulars on the remaining counts, (iii) to suppress evidence, or for a *Franks* hearing, (iv) to unseal and disclose grand jury records or, alternatively, for *in camera* review, (v) to suppress evidence seized beyond the scope of the search warrant for Mr. Chu's residence, and for other related relief.

2.      Unless otherwise indicated, the statements below are based on my personal knowledge, the review by myself or other members of Mr. Chu's defense team acting under my supervision of discovery and other materials produced by the government, communications with the government, and materials maintained in the ordinary course of my firm's representation of Mr. Chu.

1

*The Government's Investigation and Procedural History*

3.      On September 26, 2025 the government sought and obtained a search warrant for Mr. Chu's iCloud accounts.  Attached hereto as **Exhibit 1** is a true and correct copy of an Agent Affidavit in Support of Application for a Search Warrant for Stored Electronic Communications, dated September 26, 2025 (the "iCloud Warrant Affidavit"), produced by the government in discovery at USAO_01_00000104–28.  Attached hereto as **Exhibit 2** is a true and correct copy of a Search Warrant and Non-Disclosure Order, dated September 26, 2025 (the "iCloud Warrant"), produced by the government in discovery at USAO_01_00000129–34.

4.      On October 7, 2026, the government sought and obtained a search warrant for Mr. Chu's personal residence to seize electronic devices.  Attached hereto as **Exhibit 3** is a true and correct copy of an Application and Affidavit for Search Warrant, dated October 7, 2025 (the "Premises Warrant Affidavit"), produced by the government in discovery at USAO_01_00000196–222.  Attached hereto as **Exhibit 4** is a true and correct copy of a Warrant by Telephone or Other Reliable Electronic Means, dated October 7, 2025 (the "Premises Warrant"), produced by the government in discovery at USAO_01_00000223–27.

5.      The Premises Warrant was executed at Mr. Chu's residence on October 7, 2025. During the search, the government seized ten personal devices belonging to Mr. Chu and to other family members, including his young children, who live at the residence.  In addition, during the search the government photographed numerous items located in the residence, including personal belongings and records outside the scope of the Premises Warrant, some of which were located in sealed containers within the residence.  The government photographed items including ███████

██████████████████████████████

██████████████████████████████

2

███████████████████████████ True and correct copies of these photos are attached hereto as **Exhibits 5 through 15** and produced by the government at USAO_FT_00000012 (Ex. 5); USAO_FT_00000013–14 (Ex. 6); USAO_02_00000113 (Ex. 7); USAO_02_00000159–60 (Ex. 8); USAO_02_00000166 (Ex. 9); USAO_02_00000169–71 (Ex. 10); USAO_02_00000172–74 and USAO_02_00000200–09 (Ex. 11); USAO_02_00000181 (Ex. 12); USAO_02_00000182–183 (Ex. 13); USAO_02_00000186–96 (Ex. 14); USAO_02_00000304 (Ex. 15).

6.      On December 17, 2025, the Indictment in this case was unsealed. *See* ECF No. 2 ("Indictment"). The Indictment charges Mr. Chu and David Goodgame with (1) conspiracy to commit bank fraud and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349 (Count Two); (2) bank fraud, in violation of 18 U.S.C. § 1344 (Count Three); and (3) wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Count Four). *See* Indictment ¶¶ 29–36. Mr. Chu alone was also charged under 18 U.S.C. § 225 with organizing, managing, or supervising a continuing financial crimes enterprise (Count One). *See id.* ¶¶ 26–28.

7.      On January 13, 2026, Mr. Chu was arraigned before this Court. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit 16**. During the arraignment, the government described the scope and timing of discovery, including several productions of mirror-imaged electronic devices and subpoena returns they anticipated making, but did not provide a deadline by which discovery would be completed. The Court set May 20, 2026 as the deadline to submit pretrial motions directed to the face of the indictment and discovery produced by the government on or before February 19, 2026. *Id.* at 9:14–17.

8.      At the January 13, 2026 arraignment, counsel for Mr. Chu and the government discussed certain issues off the record. The government indicated that it intended to seek a superseding indictment in this case, but did not indicate when.

3

9. On January 26, 2026, counsel for Mr. Chu met and conferred with the government. Among other issues, the parties discussed the potential superseding indictment. The government indicated that it had no additional information to report on that issue.

10. On or around January 30, 2026, Mr. Chu discovered that his primary personal bank account, which he shared with his wife, (the "Account") had been frozen. On February 3, 2026, counsel for Mr. Chu met and conferred with the government, who confirmed that Mr. Chu's account was frozen at the government's request, made by letter and without legal process.

11. On February 6, 2026, Mr. Chu filed an emergency letter motion with the Court to release the seizure of the Account. *See* ECF No. 24. Among other things, the letter motion challenged the warrantless seizure and provided factual information regarding Mr. Chu's use of the account for living and legal expenses.

12. On February 9, 2026, after Mr. Chu's emergency letter motion was filed, the government sought and obtained a seizure warrant to restrict Mr. Chu's bank account. Attached hereto as **Exhibit 17** is a true and correct copy of an Affidavit in Support of Seizure Warrant, dated February 9, 2026, produced by the government in discovery at USAO_CHU_0000000003–37. Attached hereto as **Exhibit 18** is a true and correct copy of a Warrant of Seizure Pursuant to 18 U.S.C. §§ 981, 982 & 984; 21 U.S.C. § 853; and 28 U.S.C § 2461, dated February 9, 2026, produced by the government in discovery at USAO_CHU_ 0000000001–02. The government's affidavit contained a footnote acknowledging that Mr. Chu had objected to the seizure, but did not attach the government's letter motion or summarize its complete contents.

13. On February 19, 2026, the government sent a letter to the defendants containing disclosures pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (the "*Brady* Letter"). A true and correct copy of the *Brady* Letter is attached hereto as **Exhibit 19**. The *Brady* Letter ▮▮▮▮▮▮

14. The *Brady* Letter disclosed that ████████████████████████████████████████

15. The *Brady* Letter further disclosed that ████████████████████████████

████████████ The *Brady* Letter also disclosed that ████████████████████████

████████████████████████████████████ The *Brady* Letter

further disclosed that, ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

16.    The *Brady* Letter further disclosed that ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Attached hereto as **Exhibit 20** is a true and correct copy of ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████

17.    On March 19, 2026, the Court held a status conference in this case. A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit 21**. At the hearing, the government indicated that it had produced most of the grand jury subpoena returns in its possession, stating that "[t]he headline is we produced substantial discovery, over one million documents, excluding any of the devices. . . . So, in terms of records we collected through grand jury subpoenas or through voluntary productions, that's the bulk of the over one million documents we have produced. The short of it is we have produced what's in our possession, and we will continue to do so." *Id.* at 2:21–3:6. In addition, the government stated at the hearing, "We are ready for trial. We are prepared to try this case as early as July." *Id.* at 12:7–8. At the hearing, the Court stated that it was setting the pretrial motions schedule and trial date "in reliance on the

expectation that the government will do what it has said it is doing as ongoing review, and will complete it in a time which is sufficient for the defense to prepare for trial." *Id.* at 14:23–15:2.

18.     On April 17, 2026, Mr. Chu received an email from notice@dropboxlegal.com notifying him that Dropbox received a subpoena from the government.  Upon his request, on April 20, 2026, Dropbox provided a redacted copy of the subpoena to Mr. Chu.  A true and correct copy of the redacted subpoena, dated April 13, 2026 with a return date of April 27, 2026, is attached hereto as **Exhibit 22**.

*Discovery*

19.     The government has produced Rule 16 discovery in various installments.  The first was on January 12, 2026—the day before Mr. Chu's arraignment and the parties' first appearance before this Court.  The most recent was yesterday—the day before pretrial motions were due.

20.     On January 12, 2026, the government produced search warrant applications and orders, and pen register trap-and-trace applications and orders.

21.     Also on January 12, 2026, the government produced 258,558 documents consisting of grand jury subpoena returns from 36 third-party custodians.  Among these documents are grand jury subpoena returns produced to the government in October 2025.  Attached hereto as **Exhibit 23** is a true and correct copy of ███████████████████████████████

██████████████████████████████████████

22.     On January 14, 2026, the government produced FBI photographs and records related to the search of Mr. Chu's residence and USMS intake forms.

23.     On January 30, 2026, the government produced (i) 4.3 terabytes of data consisting of the imaged laptops of ten Tricolor employees and chain of custody forms for the same, as well

as (ii) reports for the warrant returns from Mr. Chu's dchu@tricolor.com and dchu@tricolorauto.com iCloud accounts.

24.     On February 3, 2026, the government produced in discovery (i) 3.57 terabytes of data consisting of the imaged devices seized during the search of Mr. Chu's residence, and (ii) redacted photographs from the search of Mr. Chu's residence.

25.     On February 4, 2026, the government produced in discovery 554,441 documents consisting of grand jury subpoena returns from 16 third-party custodians.

26.     On February 5, 2026, the government produced 4.34 terabytes of data consisting of warrant returns for Mr. Chu's dchu@tricolor.com and dchu@tricolorauto.com iCloud accounts.

27.     On February 9, 2026, the government produced (i) a partial responsive set of data from Mr. Chu's imaged device labeled 1B3, (ii) body camera footage from the search of Mr. Chu's residence, and (iii) FBI records.

28.     Also on February 9, 2026, the government produced a warrant application and order bearing the case number 26 MAG 375 pursuant to the Warrant of Seizure, dated February 9, 2026 and described above.

29.     On February 17, 2026, the government produced in discovery FDIC body camera footage as well as PRTT, GPS, and historical cell site data from AT&T and WhatsApp.

30.     On February 18, 2026, the government produced 12,011 documents consisting of grand jury subpoena returns from 18 third-party custodians.

31.     On February 19, 2026, the government produced an FBI FD-302 interview of David Goodgame.

32.      On February 25, 2026, the government produced  (i) 8,558 documents consisting of grand jury subpoena returns from 6 third-party custodians, (ii) 5 documents consisting of

documents produced by Ameryn Seibold, and (iii) 133 documents consisting of a responsive set of records from Mr. Chu's dchu@tricolor.com iCloud account and one of Mr. Chu's imaged MacBooks labeled 1B10.  The amount of data contained on Mr. Chu's imaged MacBook labeled 1B10 as produced on February 3, 2026 totaled 38.3 GB.  Among the documents produced by Ameryn Seibold were Seibold's texts ███████████████████████████████ Attached hereto as **Exhibit 24** is a true and correct copy of text messages between Ameryn Seibold and █ ███████████████████████████████

33.    On March 10, 2026, the government produced in discovery 34,503 documents consisting of grand jury subpoena returns from 19 third-party custodians.

34.    On March 12, 2026, the government produced in discovery 440 documents consisting of a partial responsive set of emails from the warrant returns for Mr. Chu's dchu@tricolorauto.com iCloud account.

35.    On April 3, 2026, the government produced in discovery 40,769 documents consisting of grand jury subpoena returns from 17 third-party custodians.

36.    On May 8, 2026, the government produced in discovery 107,132 documents consisting of grand jury subpoena returns from 10 third-party custodians.

37.    On May 19, 2026, the government produced approximately 168,000 responsive records from four of Mr. Chu's imaged devices labeled as 1B1, 1B5, 1B21, and 1B24.  Mr. Chu is processing the production for review and has not yet been able to view its contents.

*Efforts to Meet and Confer*

38.    Pursuant to Local Criminal Rule 16.1, counsel for Mr. Chu and counsel for Mr. Goodgame have conferred with the government in an effort in good faith to resolve by agreement certain issues raised in Mr. Chu's Initial Pretrial Motions without intervention of the Court.  As

explained below and in Mr. Chu's Initial Pretrial Motions, the parties were unable to reach agreement on several issues.

39.    Following periodic email, phone, and videoconference conferral with the government on a variety of discovery-related issues, on May 11, 2026, counsel for Mr. Chu transmitted a letter to the government pursuant to Local Criminal Rule 16.1, outlining certain demands for Rule 16 and *Brady* disclosures, as well as detailing requests for a bill of particulars as to multiple issues pertaining to Count One of the Indictment (the "May 11 Letter").  A true and correct copy of that letter is attached hereto as **Exhibit 25**.  The May 11 Letter addressed the following:  *First*, Mr. Chu demanded the prompt production of the remainder of Rule 16 discovery and *Brady* material in the government's possession, including (i) all responsive records from Mr. Chu's and Mr. Goodgame's imaged devices, (ii) documents produced by 10 third-party custodians to the SEC as requested by Mr. Chu on April 8, 2026, (iii) archived Tricolor email for the ten employees whose laptops were imaged and produced, (iv) any remaining grand jury subpoena returns, (v) any statements by Mr. Chu in the government's possession, custody, or control, regardless of their source, consistent with Federal Rule of Criminal Procedure 16(a)(1)(B), (vi) all documents pertaining to Tricolor's dealer management system, and (vii) all documents relating to the fictitious portfolio company described in paragraph 10 of the Indictment.  *Second*, Mr. Chu demanded all *Brady* material in the government's possession, custody, or control, and with regard to the *Brady* Letter's disclosures, including (i) the full FBI FD-302s and underlying witness notes for the meetings with the witnesses disclosed in the *Brady* Letter, (ii) demanding disclosure of whether Kollar and Seibold's exculpatory statements were disclosed to the grand jury, and (iii) demanding the withdrawal of certain allegations in the Indictment contradicted by statements in the *Brady* Letter.  *Third*, Mr. Chu demanded a bill of particulars regarding (i) the identities of

alleged co-conspirators and the time periods of their membership in the alleged enterprise, (ii) the makeup of the alleged continuing financial crimes enterprise, (iii) the identities of the "Lenders," special purpose vehicles, "Executive-1," and the fictitious portfolio company described in the Indictment, (iv) the particular acts alleged to make up the "series of violations" under Count One of the Indictment, and (v) the 24-month period in which the government will attempt to prove $5,000,000 in gross receipts under Count One. *Fourth*, Mr. Chu demanded the government cease improperly employing the grand jury in light of the government's lack of transparency regarding a superseding indictment and the government's continued investigation and issuance of broad grand jury subpoenas.

40.    On May 13, 2026, the government sent a letter to the defendants in response to Mr. Chu's May 11 Letter. A true and correct copy of that letter is attached hereto as **Exhibit 26** (the "May 13 Letter"). In the May 13 Letter, the government ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ *Id.* at 1–2. The government ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 2.

Regarding discovery from Tricolor's employee email accounts and dealer management system, the government ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 2–3. The government further asserted that ▮▮▮▮▮▮▮▮▮▮ *Id.* at 2.

41.    The government's May 13, 2026 letter also ███████████████████████ ████████████████████████████████████ Ex. 26 at 3.  With respect to Mr. Chu's request for a bill of particulars, the government ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Id. at 4–5. As to Mr. Chu's request for the identities of co-conspirators, the government █████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Id. at 4.  As to the makeup of the alleged enterprise, the government ██████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████ Id.  The government ████████████████████████████████████████

██████████████████████████ As to the "gross receipts" element of Count One, the government responded that ████████████████████████████

█████████████████████████████ Id. at 5.  Finally, as to Mr. Chu's requests regarding the use of the grand jury, the government ███████████████████████

██████████████████████████ Id. at 6.

42.    Pursuant to the government's disclosure in its May 13 Letter █████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

12

43. On May 14, 2026, counsel for Mr. Goodgame submitted a letter pursuant to Local Criminal Rule 16.1 to the government (the "May 14 Letter"). A true and correct copy of the May 14 Letter is attached hereto as **Exhibit 27**. The May 14 Letter joined in requesting certain items raised in Mr. Chu's May 11 Letter and made additional requests for a bill of particulars on several aspects of Counts Two, Three, and Four of the Indictment, including Mr. Goodgame's specific conduct, communications, and knowledge. The May 14 Letter further joined in certain demands for Rule 16 discovery raised in Mr. Chu's May 11 Letter and made additional demands, including for forensic preservation data for Tricolor employee email accounts, data retention policies, and information on what the has been produced to the government by Tricolor. *Id.* at 5–6. Mr. Goodgame's May 14 Letter also joined in Mr. Chu's demands regarding *Brady* material and the use of the grand jury. *Id.* at 6–7.

44. On May 15, 2026, counsel for Mr. Chu, counsel for Mr. Goodgame, and the government met and conferred via videoconference (the "May 15 Meet and Confer"). During the meet and confer, the parties discussed the issues raised in Mr. Chu's letter. The government indicated in advance of the May 15 Meet and Confer that it was not yet ready to address the issues raised in Mr. Goodgame's May 14 Letter.

45. As to discovery, the parties discussed Mr. Chu's requests for archived emails from key Tricolor employees such as Jerome Kollar, and documents from Tricolor's dealer management system. The government noted that the documents produced from Tricolor to the government were obtained through an iterative process whereby the government and the Tricolor bankruptcy trustee cooperatively identified relevant custodians and search terms. Counsel for Mr. Goodgame

13

requested insight into the search terms, date ranges, and other criteria that the government and the Tricolor trustee agreed on and used to review employee emails. The government agreed to consider the defendants' requests for archived email from certain employees subject to the defendants' identification of gaps in Tricolor's productions. The government noted that it did not request that Tricolor produce all emails of any employee, and that it did not know whether Tricolor would be producing more documents.

46. The parties also discussed Mr. Chu's requests for documents from Tricolor's dealer management system, which is the system in which financial data was allegedly falsified. The government noted that the six documents produced from Tricolor's dealer management system represent exports of the loan data as of the date of the export. The government indicated that it had not attempted to gain access to Tricolor's dealer management system or a full set of the underlying data, and could not provide detail on when or whether such data was preserved.

47. During the May 15 meet and confer, the government also refused to set a deadline or provide an estimated date of completion for the production of grand jury subpoena returns. The government indicated that it was not holding subpoena recipients to the return dates listed on the grand jury subpoenas, it was not imposing any particular deadlines for production on any third-party custodian at all, and even if it did, it would not enforce any such the deadline if the third-party subsequently produced new documents. The government further indicated that it had not asked any third-party custodian whether they were expecting to produce additional documents and therefore could not predict when productions from any third-party custodian would conclude.

48. The parties also discussed Mr. Chu's requests concerning responsive sets of records from Mr. Chu and Mr. Goodgame's imaged devices. The government declined to provide any projected end date for its production of responsive records. The government indicated that it was

14

still reviewing and had not yet produced a first set of responsive records from one of Mr. Chu's devices, had not yet started reviewing another of Mr. Chu's devices, and that additional responsive records from several other devices may still be produced, including devices the government is currently locked out of but still attempting to access. The government further indicated that it views its responsiveness reviews of Mr. Chu and Mr. Goodgame's imaged devices as an iterative process, whereby it may review the same devices multiple times in searching for additional responsive material.

49.    Mr. Chu's request for a bill of particulars was also discussed during the May 15 Meet and Confer. With respect to Mr. Chu's requests regarding the membership of the alleged conspiracy, the government did not provide additional factual information, but instead indicated that it interprets the "in concert" element of 18 U.S.C. § 225 to be broader than co-conspirator or aiding-and-abetting liability. Mr. Chu's counsel asked whether the requirement of "4 persons acting in concert" under 18 U.S.C. § 225 can be proven when one or more of the 4 persons are not subject to co-conspirator or aiding-and-abetting liability. The government declined to answer. When I then asked whether, in the government's view, a *factually innocent* person can count as one of the 4 persons "acting in concert" for purposes of proving the elements of the Section 225 charge, the government declined to answer. The government likewise declined to answer how, or even *whether*, the grand jury was instructed on what it means to "act in concert."

50.    With respect to the issues raised by Mr. Chu in his May 11 Letter concerning the definition and makeup of the alleged continuing financial crimes enterprise in Count One of the Indictment, the government did not provide any additional detail on its position. Instead, the government only reiterated its statements from the May 13 Letter.

51.     During the May 15 Meet and Confer, the parties also discussed Mr. Chu's request for a bill of particulars concerning the element of "gross receipts" under 18 U.S.C. § 225.  Counsel for Mr. Chu sought to confirm the government's position as stated in its May 13 Letter that █

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████     The government declined to rule out the possibility that it would attempt to prove this element of the charge based on any other 24-month periods.

52.     During the May 15 Meet and Confer, the parties also discussed the demand that Mr. Chu made in his May 11 Letter to cease improper use of the grand jury.  The government noted that it was aware of the impending trial date but declined to give any detail on the grand jury process.

53.     On May 16, 2026, counsel for Mr. Chu notified the government via email that Mr. Chu joins in Mr. Goodgame's May 14 Letter and its requests for a bill of particulars with respect to Counts Two through Four.  On May 18, 2026, the government responded via email to Mr. Goodgame's May 14 Letter.  A true and correct copy of the email thread containing the May 16 email and the May 18 email is attached hereto as **Exhibit 28**.  The May 18 email requested caselaw supporting Mr. Goodgame's requests for a bill of particulars and otherwise referred counsel for Mr. Goodgame to the government's May 13 Letter.

54.     Attached hereto as **Exhibit 29** is a true and correct copy of the Notice of Removal in *Chow v. Baldwin et al.*, Case No. 3:17-cv-03056-K (N.D. Tex.) ECF No. 1, dated November 6, 2017.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 20, 2026                                    */s/ Matthew L. Schwartz*
                                                        Matthew L. Schwartz