

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

July 10, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

> **Re:**   ***United States v. Chu & Goodgame***,
> **Case No. 25 Cr. 579 (PKC)**

Dear Judge Castel:

We represent Daniel Chu and write to update the Court that, pursuant to the Court's Order of July 1, 2026, Mr. Chu is today producing to the government a privilege log as to materials produced in discovery that were the subject of the government's May 18, 2026 letter motion, ECF No. 41.

Specifically, the privilege log produced to the government today relates to (i) the full forensic image of Mr. Chu's laptop that was imaged by Alvarez & Marsal ("A&M") and produced by the government with identifier 1B2; and (ii) emails and attachments from Mr. Chu's Tricolor company email accounts across each of the forensic images of the devices produced by the government. *See* ECF No. 60 (Declaration of Jacqueline C. Kelly) ¶ 26. These were the subject of the government's motion. In accordance with the Court's instructions, the privilege log consists of two parts:

1. A categorical privilege log setting forth the attorneys who provided Mr. Chu with legal advice in his personal capacity and did not also represent Tricolor, including a description and timeframe of those representations; and

2. An itemized privilege log, consistent with SDNY L. Civ. R. 26.2, of privileged materials for which the relevant attorneys/firms also represented Tricolor in any matter, whether related or not to the attorneys' representation of Mr. Chu.

By the production of this privilege log, which is limited to the materials that were the subject of the government's May 18, 2026 letter motion, Mr. Chu does not waive any potential claims of privilege as to any other materials that are in the possession or control of the government.

In addition to the privilege log, the government requested that we produce to the its filter team Axiom or Cellebrite reports of the materials logged on the itemized privilege log. As a



courtesy to the government and to aid the government filter's team review, Mr. Chu will provide those reports to the government's filter team when they are complete.

Finally, Mr. Chu writes concerning the government's shifting position on its completion of its responsiveness review of the devices seized from Mr. Chu pursuant to search warrant, including its review of the forensic image of his laptop identified as 1B10. That laptop was originally imaged by A&M, and later seized and separately imaged by the government months afterward.

At the June 30, 2026 status conference, the government stated several times that its responsiveness review of the seized devices was complete. *See* June 30, 2026 Hr'g Tr. at 6 ("The government – we – when we filed this letter yesterday, the government decided, okay, that's it, we're completing our responsiveness review."); *see also id.* at 7 (government stating, "we've completed the review" and "[t]hat process is done"). These representations followed the government's written representation in its June 29 letter that it had finished or would cease reviewing 1B10. *See* ECF No. 85 at 2 n.1 ("Given the likelihood of duplication and in the interest of expediency, the Government will not, however, conduct further review of the search-warrant-seized-and-imaged version of Chu's Tricolor laptop and will instead limit its review to the version of that laptop that was imaged and produced to the Government's pursuant to subpoena.").

But on July 8 the government reversed course. In response to an email from Mr. Chu's counsel regarding the privilege log, the government wrote that, "[g]iven the adjournment there is no longer the same need for expediency" and that it "may review the search-warrant version of the [1B10] laptop for responsive materials that post-date A&M's September 4, 2024 image." This position directly contravenes the government's representations just ten days earlier.

Consistent with the government's representations to the Court, Mr. Chu understands that all responsive materials from all devices seized from him are to be identified and produced no later than today, July 10, 2026. He therefore expects that the government's responsiveness review of all seized devices, including 1B10, will conclude as of today. Mr. Chu is *not* seeking an adjournment of the briefing deadline on his motions directed to the government's responsiveness review, even though the government has now thrown into substantial doubt whether that review is complete. However, if the government continues searching any devices or makes any production of purportedly responsive materials after today's deadline, Mr. Chu respectfully reserves all rights to seek appropriate relief.

Thank you for your consideration.

Respectfully,

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz