**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 4, 2026

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Daniel Chu*, S1 25 Cr. 579 (PKC)**

Dear Judge Castel:

The Government writes regarding several issues addressed at the July 29, 2026, conference. First, the Government provides an update with respect to defendant Daniel Chu's work laptop. Second, the Government respectfully requests that the Court (i) deny Chu's request that the Government compel the Tricolor Chapter 7 bankruptcy trustee to produce a privilege log or potentially privileged materials Chu may seek, and (ii) direct the parties to brief whether Chu's Rule 17 subpoena to the trustee—which Chu did not disclose to the Court at the July 29, 2026, conference that he issued months ago—satisfies the requirements of *Nixon*.

A. Chu's Work Laptop

On October 7, 2025, the FBI seized Chu's work laptop from his residence in Florida. To preserve the October 2026 trial date, the Government had agreed to forego using materials from the seized laptop.[1] After the trial was adjourned to January 2027, however, the Government sought permission to revisit that decision, review about a month's worth of laptop data, and use any materials responsive to the warrant from that review. *See* Ex. 1, July 29, 2026, Conference Transcript, at 5. The Government requested 45 days to complete and produce the results of such a review, given the technical steps involved. The Court expressed concern about maintaining the January 2027 trial date in light of the additional time that would be required for supplemental briefing and for a ruling on Chu's pending suppression motion. *Id.* at 46.

[1] The Government already had access to much of the data on the laptop because Tricolor produced an image of the laptop, taken about a month before it was seized by the FBI, in response to a subpoena. The Government intends to use some of those records from that version of the laptop at trial.

The Government has no interest in delaying the trial, remains committed to the date set by the Court, and believes that proceeding on the current schedule is in the interests of justice. To avoid the possibility of an adjournment, the Government will forego the use of materials from the seized version of the laptop. Accordingly, Chu's motion to suppress will be fully briefed on August 14, 2026, when Chu files his reply.

B. Tricolor's Privilege Assertions

In September 2025, before Tricolor's bankruptcy, the Government served Tricolor with a grand jury subpoena. In response, Tricolor—and later its Chapter 7 bankruptcy trustee, as successor—produced more than 1.1 million records responsive to the subpoena, along with images of several employee laptops. As discussed at the most recent court conference, the Government understands that while the trustee produced the complete laptop images without asserting privilege over any of the contents of the images, the trustee has withheld other documents from its production as protected by the attorney-client privilege.

At the conference, the Court ruled that Tricolor waived attorney-client privilege and work-product protection over the laptop records. *See* Ex. 1 at 11-12. Although the Court stated that it was not deciding privilege issues as to other documents, Chu insisted that the parties and the Court "should understand" what the company is withholding so that any privilege claims may be "appropriately tested." *Id.* at 13. While the Court declined to permit Chu to enforce the grand jury subpoena, or to require the trustee to assert privilege either categorically or document-by-document, *id.* at 18, it directed the Government to contact the trustee and obtain the trustee's position on the status of its production and the scope of its privilege assertions (or waivers) by August 28, 2026, *id.* at 22.

Following the conference, the Government notified counsel for the trustee of the Court's order and provided a copy of the transcript. The Government will provide timely updates as they arise.

C. Chu May Not Enforce the Terms of the Grand Jury Subpoena

Regardless of how the trustee responds to the Government's outstanding request concerning the completeness of its production or the scope of its privilege assertions, Chu cannot—directly or indirectly—compel the trustee to produce additional records under the grand jury subpoena. There are two reasons.

*First*, criminal defendants have no role whatsoever in the grand jury process. Defendants may not conduct federal grand jury proceedings, issue grand jury subpoenas, or enforce compliance with them—those responsibilities lie with United States Attorneys and their appointed assistants. *See, e.g.*, 28 U.S.C. § 547. Nor may they determine the scope of a grand jury subpoena or direct how a recipient responds. And defendants lack standing to challenge or object to grand jury subpoenas issued to third parties. *See In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990*, 741 F. Supp. 1059, 1060 (S.D.N.Y. 1990), *aff'd sub nom.*, *In re Grand Jury*, 956 F.2d 1160 (2d Cir. 1992). For those reasons, courts have held that a defendant's dissatisfaction with the

breadth of a subpoena or with a recipient's production does not confer standing to challenge or enforce the subpoena. *See, e.g.*, *United States v. Skeddle*, 176 F.R.D. 258, 259 (N.D. Ohio 1997) ("With regard to any materials that LOF did not deliver to the grand jury, I remain of the view that the defendants are without standing to complain about any noncompliance by LOF with regard to the grand jury's subpoena.").

Chu's interest in documents the trustee may be withholding on privilege grounds does not alter these principles or expand the Government's obligations. The Government's enforcement responsibilities are fixed by statute and do not require it to pursue materials on a defendant's behalf or act as "a private investigator and valet gathering evidence and delivering it to opposing counsel." *United States v. Avenatti*, 559 F.Supp.3d 274, 280 (S.D.N.Y. 2021) (internal quotation marks and alterations omitted). Indeed, the Government is under no legal obligation to obtain records in the sole possession, custody, and control of a company or bankruptcy estate. *See United States v. Bankman-Fried*, 179 F.4th 104, 121 (2d Cir. 2026). While the Government, at the Court's request, has inquired as to the status of the trustee's production and its withholdings based on privilege, there is no legal basis to require the Government to do the defendant's bidding and to move to compel the production of records that the defendant may seek.

*Second*, if the trustee possesses records that are relevant, admissible, and not privileged, the proper mechanism for the defendant to obtain them is a Rule 17 subpoena—not an impermissible attempt to enforce a grand jury subpoena. *See United States v. Skelos*, No. 15 Cr. 317 (KMW), 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018) (a Rule 17 subpoena may "be used only as a mechanism for obtaining specific admissible evidence").

At the recent conference, Chu asserted that there was relevant, unproduced evidence in the trustee's possession about an "investigation" in 2021 by Davis Polk and Ernst & Young that concluded that "double pledging of collateral" at Tricolor was "trivial" and "inadvertent." Ex. 1 at 17-18. Defense counsel told the Court that he "would simply like to know what is being withheld as privileged" related to that investigation. *Id.* at 18. The Court responded that "if you want to approach me with a [Rule 17] subpoena for the materials, I'm open-minded on that." *Id.* at 24-25. The defense responded: "We *will* do that." *Id.* at 25 (emphasis added).

The defense's colloquy with Court omitted a significant fact: prior to the most recent conference, Chu had *already* issued a Rule 17 subpoena to the trustee for the Davis Polk/Ernst & Young materials. (The trustee provided a copy of the subpoena to the Government when the Government contacted the trustee about the status of its grand jury production.) Chu's Rule 17 subpoena—dated June 1, 2026, roughly two months prior to the last conference—calls for, among other things:

> All Documents and Communications concerning an investigation of Tricolor conducted by Davis Polk Wardell & Wardwell LLP [*sic*] and Ernst & Young in or around 2021, including but not limited to any engagement letter or agreement, interview memoranda, report, analysis, evaluation, due diligence, or other working papers and their underlying data.

Ex. 2 at 6. Chu's Rule 17 subpoena would therefore capture the very same materials he seeks to obtain through the grand jury subpoena.

The existence of a pending Rule 17 subpoena provides a further basis to deny Chu's attempts to enforce compliance with the grand jury subpoena. Chu may be dissatisfied with his ability to compel the immediate production of materials through Rule 17, or, given the breadth and generality of the subpoena he served, its legal validity under *Nixon*. But the proper course is to litigate those issues directly, not to commandeer the grand jury process when he assesses a likelihood his court subpoena will not provide him favorable results. Indeed, Chu's position, if accepted, would lead to procedural absurdity: Chu's view (as reflected in his pending grand jury "abuse" motion) is that the Government may not enforce a grand jury subpoena after the grand jury returns an indictment, *see* ECF Doc. 99 at 43-52, but that a defendant may do so, even when the defendant seeks records he could not lawfully obtain through a trial subpoena—that he has already issued but has not disclosed to the Court—but has yet to be litigated. No rule or common law principle supports this result.[2]

---

[2] Equally baseless are Chu's assertions in his recently submitted reply brief regarding the Government's purported "abuse" of the grand jury. ECF Doc. No. 118 at 18-23. Chu harps on the unremarkable statement at the last conference that the Government engaged in a dialogue with the trustee regarding its compliance with the Government's subpoena and requested records where it identified gaps. At the outset, Chu concedes, as he must, that there is nothing objectionable, nor indeed remarkable, about "rolling productions, or . . . the ordinary back-and-forth that accompanies subpoena compliance where voluminous documents are concerned." *Id.* at 19. Yet Chu summarily asserts, without explanation, that this standard back-and-forth with the Trustee "confirms exactly what the defense feared," *i.e.*, that the Government was using a grand jury subpoena for the sole or dominant purpose of trial preparation. Chu even misleadingly quotes remarks the Court made in response to mishearing the Government, *see* Ex. 1 at 14-16 ("THE COURT: Then I did not hear you."), and repeats his baseless accusation that the Government was advised of *Brady* material and chose not to collect it, *id.* at 20—while omitting the fact that the Government already responded to this speculation at the last conference and represented to the Court that "[t]hat's obviously absurd and false and nothing of the sort happened." Ex. 1 at 30. Chu's attempts to twist something routine into something nefarious, in support of an accounting of or discovery into the grand jury investigation itself, do not withstand scrutiny. ECF Doc. No. 118 at 21-22. Chu's speculation is incorrect and comes nowhere near satisfying his burden "to make a 'substantial preliminary showing' of bad faith before . . . even limited discovery" of the sort he requests "is to be held." *United States v. Gel Spice Co.*, 773 F.2d 427, 434 (2d Cir. 1985).

For these reasons, the Government respectfully requests that the Court (i) deny Chu's request to compel the Government to compel the trustee to produce a privilege log or potentially privileged records that Chu may seek, and (ii) order briefing on whether Chu's Rule 17 subpoena to the trustee is proper under the *Nixon* standard.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________
Micah F. Fergenson
Shiva H. Logarajah
Justin V. Rodriguez
Assistant United States Attorneys

cc: Counsel of Record (by ECF)

The Court Orders the Trustee in bankruptcy of Tricolor Holdings, LLC to raise any objection to the subpoena dated June 1, 2026 on the grounds of unreasonableness or oppressiveness, Rule 17(c)(2), Fed. R. Crim. P., by motion to quash or modify filed with this Court no later than August 14, 2026. Counsel for defendant Chu shall serve this Order on the Trustee forthwith.
The government may submit any objection to the subpoena for failure to comply with Nixon by August 14, 2026.
Defendant Chu may respond to the motion of the Trustee and the objection of the government by August 21, 2026.
SO ORDERED.
Dated: 08/05/2026

______________________
P. Kevin Castel
United States District Judge