UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

25-cr-579 (PKC)

-against-

ORDER ON SUBPOENAS DIRECTED TO THE TRICOLOR TRUSTEE

DANIEL CHU,

Defendant.
-----------------------------------------------------------x

CASTEL, Senior District Judge

Daniel Chu, the defendant, was Chief Executive Officer of Tricolor Holdings LLC ("Tricolor") and is presently charged with the crime of having knowingly organized, managed, and supervised a continuing financial crimes enterprise in violation of 18 U.S.C. § 225, as well as conspiracy to commit bank fraud, wire fraud, and securities fraud and substantive counts of bank fraud, wire fraud, and securities fraud.

The Chapter 7 Trustee for Tricolor Holdings, LLC (the "Trustee") moves to quash a subpoena, dated June 1, 2026, served by counsel for Chu. The government also objects to the subpoena on largely overlapping grounds. (ECF 132.)

Separately, Chu has submitted to the Court *ex parte* two additional subpoenas directed to the Trustee for which it seeks leave to serve.

For reasons to be explained, the Trustee's motion to quash the June 1 subpoena is granted in part and otherwise the subpoena is modified. Chu's application for leave to serve two additional subpoenas to the Trustees is granted in part and otherwise denied.

BACKGROUND

The subpoena, dated June 1, 2026, was returnable October 19, 2026, the first date of the then scheduled trial. Following the filing of the motion to quash by the Trustee and objection by the government, Chu filed a memorandum of law offering to revise the June 1, 2026, subpoena. (ECF 137 at 20.) (". . . Mr. Chu is willing to narrow the Tricolor Subpoena to the documents specified in the Revised Requests.") He asserts that "although perfectly valid under Rule 17 and Nixon, there are aspects of the Original Requests that have essentially been overtaken by the government's subsequent productions." (Id.) Chu has not withdrawn the June 1 subpoena but states his willingness to negotiate: ". . . Mr. Chu stands ready to negotiate the scope of the Tricolor Subpoena with the trustee." (Id. at 19.)

On July 14, 2026, on motion by the defendant, the Court reset the trial of the action to January 25, 2027. (ECF 92.) On July 21, 2026, defendant moved under seal for the issuance of an additional subpoena to the Trustee, pursuant to Rule 17(c) and returnable within 30 days of service. (July 21 Subpoena, Exhibit A.) It contains ten categories of documents overlapping with the categories in the June 1 subpoena and expanding those categories. On August 5, 2026, Chu submitted a letter to the Court under seal with a proposed subpoena to the Trustee with eight categories of documents. The letter accompanying the August 5 letter concedes that the "June 2026 subpoena encompasses several of the targeted requests in the August 5 proposed subpoena." Neither the July 21 nor the August 5 proposed subpoenas have been shared with the Trustee or the government.

On August 12, 2026, Chu's counsel wrote to the Court *ex parte* noting the existence of the July 21 and August 5 applications for subpoenas directed to the Trustee and the

pendency of the June 1 subpoena. Chu's counsel made the following proposal to the Court: "If [the July 21 and August 5] applications are granted, the June subpoena can be withdrawn." (Schwartz Letter of Aug. 12, 2026.) Chu's *ex parte* offer, directed only to the Court and not to the Trustee, was conditional: ". . . unless and until those applications are granted, Mr. Chu cannot relieve the trustee of the June Subpoena's obligations." (Id.) Without comment on the propriety of the *ex parte* offer, the Court declined to accept it. (Order of Aug. 13, 2026.)

DISCUSSION

A. The Rule 17 Standard

Rule 17(c) operates to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials," rather than "provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. 683, 698-99 (1974) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). Rule 17 reaches "evidentiary materials," materials for which a good faith effort is made to obtain materials that may be used as evidence. Bowman Dairy, 341 U.S. at 220. "[C]ourts must be mindful not to allow the Rule 17(c) process to become a 'broad discovery device' that would undermine the discovery procedures set forth in Rule 16." United States v. Maxwell, No. 20-cr-330 (AJN), 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021) (Nathan, J.) (citing United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (Haight, J.)).

Rule 17(c) provides that, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c)(2), Fed. R. Crim. P. The party seeking compliance with the subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinfeld, J.)); see In re Irving, 600 F.2d 1027, 1034 (2d Cir. 1979); see also United States v. Chirico, 25-cr-00365 (JLR), 2026 WL 1760129, at *3 (S.D.N.Y. June 18, 2026) (Rochon, J.); United States v. Pierre, 22 cr. 19 (PGG), 2023 WL 7004460, at *15 (S.D.N.Y. Oct. 24, 2023) (Gardephe, J.).

A court may deny a motion for a Rule 17(c) subpoena based on a failure to satisfy any one of these prongs. Nixon, 418 U.S. at 699-700 (listing requirements conjunctively); see United States v. Conway, 615 Fed.Appx. 46, 48-49 (2d Cir. 2015) (holding that court "did not err" in denying subpoena when claim "fail[ed] to satisfy the relevancy prong of United States v. Nixon").

To determine whether the documents sought are "evidentiary and relevant," necessary for trial preparation, and not sought as part of a "fishing expedition," a court, guided by counsel, ought to be able to examine the face of the request and determine whether it is targeted to information likely to "clear three hurdles: (1) relevancy, (2) admissibility, and (3) specificity." Nixon, 418 U.S. at 699-700; see United States v. Alexander, 24-cr-676 (VEC), 2026 WL 112113, at *3 (S.D.N.Y. Jan. 15, 2026) ("Rule 17(c) subpoenas must seek materials that are (i) relevant, (ii) admissible, and (iii) specifically identified.") (Caproni, J.).

A subpoena that sweeps within its scope any and all documents concerning a subject is not specific and likely cannot show that the materials would be admissible or

evidentiary. See United States v. Avenatti, 19-cr-373 (PGG), 2020 WL 508682, at *5–6 (S.D.N.Y. Jan. 31, 2020) (quashing request for "all communications" that refer to the defendant over a nine-month period) (Gardephe, J.); United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by Nixon.") (Marrero, J.); United States v. Louis, 04-cr-203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena that sought "'any and all' documents relating to several categories of subject matter . . ., rather than specific evidentiary items. . . .") (Swain, J.).

B. The June 1 Subpoena and the Parties' Positions.

The June 1 subpoena seeks seven categories of documents from the Trustee:

> 1. Communications concerning or referencing "Company 23," "Ganas Tricolor Repo," or other Tricolor portfolio companies, and sent from, to, or copying the following individuals: Daniel Chu, Jerome Kollar, Janette Valdivia, Andy Mata, Maria Perez, Rosa Cabazos, Jose Gonzalez, Vanessa Mata, and/or Salvador Salas between January 1, 2018 and January 1, 2019.
>
> 2. All archived Tricolor email during the Relevant Period [i.e. January 1, 2018, to the present] for the following individuals: Jerome Kollar, Ameryn Siebold, David Goodgame, Mauricio Delgado, Andy Mata, Janette Valdivia, Katie Kolar, Maria Perez, Rosa Cabazos, James Li, Mark Schmitz, and Eduardo Perez.
>
> 3. All Documents concerning Tricolor's policies or procedures related to the Integrated Dealer Management System ("IDMS").
>
> 4. All Documents concerning access to Tricolor's Integrated Dealer Management System ("IDMS"), including but not limited to user logs and the granting, limitation, denial of access, or unauthorized access during the Relevant Period, including but not limited to all emails between Tricolor employees and Tekzenit employees regarding these topics.
>
> 5. All Documents concerning change logs, audit trails, or other records and receipts of system activity within Tricolor's Integrated Dealer Management System ("IDMS").
>
> 6. All Documents and Communications concerning any investigation or audit of Tricolor conducted by FTI Consulting, Inc. during the Relevant Period, including but not limited to any engagement letter or agreement, interview memoranda, report, analysis, evaluation, due diligence, or other working papers and their underlying data.

7. All Documents and Communications concerning an investigation of Tricolor conducted by Davis Polk Wardell & Wardwell LLP and Ernst & Young in or around 2021, including but not limited to any engagement letter or agreement, interview memoranda, report, analysis, evaluation, due diligence, or other working papers and their underlying data.

The Trustee argues, among other positions, that Chu's June 1 subpoena fails because it is a broad "fishing expedition," lacks specificity, seeks materials unlikely to be admissible, requests materials that can be obtained from the government, and compliance would be unduly burdensome.

The Court agrees that some categories of documents sought in the subpoena are not specific and are indicative of a "fishing expedition." These categories utilize the terms "[a]ll Documents concerning . . .," "[a]ll Documents and Communications concerning . . .," and "[a]ll archived [] email . . ." in six requests (Categories 2-7). The only other request (Category 1) seeks "[c]ommunications," a term that implicitly means <u>all</u> communications, not just those of the Trustee's choosing. The Relevant Period (expressly or by the scope of the instruction) is approximately nine years for six requests (Categories 2-7). The subpoena Categories 1 through 5 do not identify any specific document of likely evidentiary value. Categories 6 and 7 identify two investigations but seek all documents "concerning" these investigations.

The subpoena also fails because Chu is unable to show that the documents sought are not otherwise obtainable in the exercise of due diligence. Chu's counsel acknowledges that in response to grand jury subpoenas, the Trustee has turned over to the government over 1.1 million records and 4.3 terabytes of raw data. (Schwartz Letter of Aug. 6., 2026; ECF 123 at 3.) Additionally, the Trustee has provided 28 rolling productions to the government. (André Decl. ¶15.) If the documents are discoverable under Rule 16, Fed. R. Crim. P., or are <u>Brady</u> or <u>Giglio</u> material, they may be obtained from the government.

For example, Chu seeks "[a]ll documents concerning Tricolor's policies or procedures related to the Integrated Dealer Management System ('IDMS')" over the Relevant Period. (Category 3; see also Categories 4 & 5.) According to the Trustee's counsel, the Trustee produced IDMS data stored on Tricolor's cloud-based servers pursuant to grand jury subpoenas. Chu's counsel candidly acknowledges that "the government has produced thousands of documents in the time since Mr. Chu served the Tricolor Subpoena on the trustee, which I understand the government obtained from the trustee via grand jury subpoena." (Schwartz Decl. at ¶4; ECF 135.)

Chu correctly points out that Tricolor's response to the grand jury's subpoena has been an "iterative process," (ECF 137 at 8.), in which certain requests are prioritized and others are deferred. This process is a customary feature of grand jury investigations of the activities of a corporation with a large volume of documents. Tricolor acknowledges that it has withheld over 44,532 documents on the grounds of the attorney-client privilege. (André Decl. ¶ 17.). Furthermore, some privileged documents have been produced to the government subject to a clawback process. (André Decl. ¶ 10.)

Chu's memorandum in opposition to the motion to quash offers modifications to the existing June 1 subpoena as part of a negotiation with the Trustee. He argues that his "good-faith effort to avoid needless litigation over an outdated request renders substantial portions of the Government Motion and Trustee Motion moot, and further demonstrates Mr. Chu's need for the remaining, tailored set of documents." (Chu Aug 21, 2026 Mem. in Opp. at 20.) But Chu is not narrowing the scope of the subpoena but rather offering to negotiate with the Trustee on terms that include a narrowing of the subpoena. (See id. at 19.) (". . . Mr. Chu stands ready to negotiate the scope of the Tricolor Subpoena with the trustee.") Chu states as to any agreed upon

revision, the Trustee would not need to produce documents it produced to the government pursuant to a grand jury subpoena.

Some ofhe revisions that Chu offers to negotiate appear to the casual eye to be new requests, a reasonable conclusion given that the June subpoena had seven categories and the potential revisions have 11. Chu argues that, if accepted by the Trustee, these revisions would actually narrow Category 2, which sought all archived emails of twelve individuals over a nine-year period regardless of subject matter. Category 2 is so broad in scope and non-specific that the Court has no meaningful way to evaluate Chu's claim.

Chu's offer to modify is ambiguous and conditional. It does not unequivocally state that he is withdrawing or narrowing the June 1 subpoena. Even so, the Court considers Chu's proposed revisions in the context of determining the Court's modifications to the June 1 subpoena.

C. The Court's Modification to the June 1, 2026, Subpoena

The June 1 Subpoena will be modified and permitted to stand as modified in the following respect:

Category 1 is modified to apply only to emails to or from the named individuals concerning or referencing "Company 23 and "Ganas Tricolor" during the period from January 1, 2018, to January 1, 2019 (see ¶10 of the Superseding Indictment referring to the creation of a "fictious portfolio company");

Category 2 seeking "[a]ll archived Tricolor email" from January 1, 2018, to date from twelve individuals is quashed;

Categories 3-5, relating to the IDMS system, are quashed;

Category 6 is modified to apply to any report of an audit or investigation by FTI Consulting, Inc. and any engagement letter or agreement and interview memoranda; and

Category 7 is modified to apply to any report of an investigation of Tricolor by Davis Polk & Wardwell LLP or Ernst & Young in or around 2021 and any engagement letter or agreement and interview memoranda.

The return of the June 1 subpoena is modified from October 19, 2026, at 10 am in Courtroom 11D—the original date and time of trial—to 45 days prior to the trial date of January 25, 2027. It is to be delivered to Chu's counsel who shall promptly transmit the subpoena return to the government. To avoid doubt, the 45-day period accommodates the year-end holidays and permits defense counsel to prepare the use of evidentiary material at trial without delaying the trial, the intended purpose of Rule 17.

The Court has already ruled that the attorney-client privilege of Tricolor was waived as to any documents or electronically stored information turned over to the government in response to a grand jury subpoena on or about September 4, 2025. (July 29, 2026 Tr. at 11-12.) The Trustee did not enter a clawback arrangement governing potentially privileged material until November 25, 2025, and the agreement expressly carved out any waiver of privilege that preceded its execution. (Ltr of Nov. 25, 2025 at ¶3.)

In its opposition to the motion to compel, the Trustee advances no argument as to September 4, 2025, production of materials by Tricolor. But the Court has not addressed in its prior ruling the validity of any privilege as applied to materials produced by the Trustee subject to a clawback arrangement with the government.

If the Trustee seeks to assert the attorney-client privilege or work product protection as to any document falling within the scope of the June 1 subpoena as modified by the Court, it shall, within 21 days of this Order, provide a listing of each document that describes:

(i) the type of document, e.g., letter, email, or memorandum;

(ii) the general subject matter of the document;

(iii) the date of the document; and

(iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

The Trustee shall also provide a particularized affidavit or affidavits sufficient to establish the privilege. Defendant or the government may challenge the Trustee's assertion of privilege within 14 days of the Trustee's submission of a privilege log and affidavit(s).

<u>The July 21 Proposed Subpoenas</u>

On or about July 21, 2026, Chu submitted to the Court *ex parte* 30 proposed subpoenas to individuals and institutions, including the Trustee, each of which would be returnable within 30 days of service. In this Opinion and Order, the Court addresses only the subpoena to the Trustee. (July 21 Subpoena, Exhibit A). A subsequent Order will issue addressing the other 29 proposed subpoenas.

Of the ten categories in the July 21 subpoena, seven substantially overlap the categories in the June 1 subpoena. (July 21 Categories 1, 2, 3 & 4 vs. June 1 Categories 3, 4 & 5; July 21 Category 5 vs. June 1 Category 1; July 21 Category 6 vs. June 1 Category 6; and July 21 Category 7 vs. June 1 Category 7.) The Court's ruling on modifications to the June 1 subpoena encompass these categories of the July 21 proposed subpoena.

With respect to the three remaining categories in the July 21 subpoena, Category 10 is overbroad and not directed to specific material of likely evidentiary use or that is necessary to prepare for trial. The Court will permit Chu to serve a subpoena for documents in Category 8 which is specific and keyed to the allegations of the Superseding Indictment. Similarly, the Court will approve the inclusion in a subpoena Category 9 provided that the request is limited to emails between the two individuals attaching files with the name listed. The subpoena for Category 8 and modified Category 9 shall be returnable 45 days prior to the January 25, 2027, trial with the same conditions, limitations, and schedule for a privilege log and affidavits as the June 1 subpoena. A subpoena containing the permitted categories shall be served on the Trustee within five days of this Order.

<u>The August 5 Proposed Subpoena to the Trustee</u>

The August 5, 2026, proposed subpoena to the Trustee overlaps with either or both the June 1 subpoena and the July 21 proposed subpoena. (August 5 Category 1 vs. June 1 Category 1; August 5 Category 3 vs. June 1 Category 6 and July 21 Category 6; August 5 Category 2 vs. June 1 Category 7 and July 21 Category 7; August 5 Category 5 vs. July 21 Category 8; August 5 Category 6 vs. July 21 Category 9.) The Court's ruling on modifications to the June 1 and authorizing to a limited extent the July 21 subpoena encompass the corresponding categories of the August 5 proposed subpoena. Hence, there is no need to address the slightly modified August 5 subpoena categories.

Category 4 of the August 5 proposed subpoena will be allowed as to any report of investigation, subject to the same return date with the same conditions, limitations, and schedule for a privilege log and affidavits as applies to the June 1 subpoena. Categories 7 and 8 are

overbroad and neither specific nor shown to be necessary to properly prepare for trial. A subpoena containing the permitted categories shall be served on the Trustee within five days of this Order.

The Trustee's motion to quash the June 1, 2026, subpoena is granted in part and denied in part. Defendant Chu's application to serve two additional subpoenas on the Trustee is granted in part and denied in part.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 9, 2026