**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2026

**BY ECF**
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Daniel Chu,* S1 25 Cr. 579**

Dear Judge Castel:

The Government respectfully writes in response to the defendant's proposed voir dire. (Dkt. 194). The Government requests that, in addition to any voir dire preferred by the Court, the Court use the voir dire proposed by the Government, which includes standard, neutral, and appropriate questions. By contrast, the defendant's proposed voir dire contains unnecessary, repetitive, prejudicial, and open-ended questions, many of which appear designed to unfairly prime the jury for the arguments the defense is likely to raise at trial.

The Government specifically objects to the following voir dire questions proposed by the defendant:

*First*, the Government objects to Questions 11 and 19, which attempt to shift the focus of trial to, or improperly characterize, the victims in this matter. In Question 11, for instance, the defendant refers to the victims as "large financial institutions," and implies that the activities of the victims are at issue by stating "[t]his case involves . . . the activities of lending institutions, securities investors, auditors, and other financial service firms." (Dkt. 194 at 5-6). In Question 19, the defendant similarly refers to the victims as "large financial institutions." These questions, as drafted, are thinly veiled attempts to focus the jury's attention on the actions or status of the victims, and not on the crimes of the defendant. Because these types of victim-centered arguments are improper when raised at trial, the Court should decline to include Questions 11 and 19, as drafted, in its voir dire. *See, e.g.*, *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) ("[T]he unreasonableness of a fraud victim in relying (or not) on a misrepresentation does not bear on a defendant's criminal intent in designing the fraudulent scheme.")

*Second*, the Government objects to Questions 49 and 50, which attempt to influence potential jurors' views of cooperating and non-prosecution witnesses. In these questions, the defendant asks the Court to instruct potential jurors that "the testimony of such individuals should be considered with great caution and care." (Dkt. 194 at 15). This instruction, however, leaves the jury with the misimpression that cooperating and non-prosecution witnesses are subject to

heightened scrutiny and that their trial testimony should not be trusted. The Court instead should use the voir dire question proposed by the Government concerning cooperating and non-prosecution witnesses. (*See* Dkt. 182 at 8-9).

*Third*, the Government objects to Questions 21-24. The thrust of those questions appear to be suggest to potential jurors that the cooperating witnesses received compensation akin to the defendant by referencing the titles of the expected cooperators (*see* Question 23) and suggesting that there are other "wealthy individuals" outside of the defendant whose conduct are at issue (*see* Question 22, 24). What the defendant seeks to inject into voir dire is false in addition to being inappropriate: the defendant received significantly more compensation from the frauds at issue than any of the cooperating witnesses.

*Fourth*, the Government objects to Questions 53 through 55, which are open-ended questions designed to elicit the juror's views on the presumption of innocence, whether "innocent people can be wrongfully accused of crimes," and whether the indictment in this case "change[s] [the juror's] view of" the defendant. (Dkt. 194 at 13). These questions go well beyond the scope of proper voir dire and instead appear designed to suggest to the jury that Chu is innocent and was "wrongfully accused of crimes." Instead of posing these open-ended questions that call for juror explanation or elaboration, the Court should ask the jury, as the Government has proposed, "generalized questions about jurors' ability to serve impartially." *United States v. Nieves*, 58 F.4th 623, 639 (2d Cir. 2023); *see also United States v. Treacy,* 639 F.3d 32, 47 (2d Cir. 2011) ("[A] district court may find that warning a jury against an improper bias may be more effective in some cases than inquiring about that bias.").

*Fifth,* in no less than ten different instances, the defendant refers to the Government's burden and his own denial of the charges in the Indictment. (Dkt. 194 at 1-2; 10 (Question 17); 16 (Questions 53-55)). In his proposed description of the case, alone, the defendant would have the Court tell potential jurors that he denies the charges three times. (Dkt. 194 at 1-2). The Government objects to these repeated references and the questions associated with them. To start, by instructing the venire on his own express denial, the defendant is, in effect, seeking to put his own statements before potential jurors without being subject to cross-examination. Of course, the defendant has no burden but putting his own express denials outside of the strictures of trial is inappropriate. Moreover, repeating these instructions as the defendant asks the Court to do "improperly highlight[s] one instruction over all other instructions." *United States v. Lou*, No. 24-CR-99 (AMD), 2025 WL 2753704, at *2 (E.D.N.Y. Sept. 29, 2025) (internal quotation marks omitted).

At bottom, the defendant "is not entitled to a sympathetic jury; merely an impartial one." *United States v. Brunty*, 701 F.2d 1375, 1379 (11th Cir. 1983). The Court should reject the defendant's efforts to inject wholly inappropriate considerations before potential jurors through his proposed voir dire.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: s/______________________
Micah F. Fergenson
Shiva H. Logarajah
Justin V. Rodriguez
Assistant United States Attorneys
(212) 637-2190/-2272/-2591

Cc: Counsel of Record (via ECF)